UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FIRST PRYORITY BANK,** an Oklahoma banking corporation, <br><br> Plaintiff, <br><br> v. <br><br> **F&M BANK & TRUST COMPANY,** an Oklahoma banking corporation <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 10-CV-0434-CVE-TLW |

**OPINION AND ORDER**

Now before the Court is First Pryority Bank's Motion to Remand and Brief in Support (Dkt. # 14). Plaintiff First Pryority Bank (First Pryority) originally brought this action in the District Court of Mayes County, State of Oklahoma. On July 6, 2010, Defendant F&M Bank & Trust Company (F&M Bank) removed to this Court based on federal question jurisdiction. First Pryority Bank now asks the Court to remand this case to the District Court of Mayes County for lack of subject matter jurisdiction.

**I.**

On November 7, 2006, three checks drawn on accounts at First Pryority Bank were deposited at F&M Bank. Dkt. # 20, at 7; Dkt. # 14-2, at 1-2. F&M Bank presented these checks for payment to First Pryority Bank the following day. Id. According to First Pryority, it gave notice to F&M Bank on November 9, 2006 of its intent to return the three checks, unpaid, for being drawn on an uncollected balance, and returned the checks to Bank of Oklahoma, N.A., a collecting bank, the same day. Dkt. # 14-2, at 2.

F&M Bank claims it did not receive the checks until November 15, 2006, at which time it filed a "Claim of Late Return" with the Federal Reserve Bank of Dallas[1] based on what it perceived to be First Pryority's improper late return of the checks. Dkt. # 20, at 7. In response to the claim filed by F&M Bank, the Federal Reserve provisionally credited F&M Bank the face value of the three checks, and debited First Pryority's account for the sum – a total of $412,107.09. Id.; Dkt # 14-2, at 3.

On May 18, 2007, First Pryority filed a petition in Mayes County District Court against F&M Bank and First Tennessee Bank[2], claiming that the $412,107.09 had been wrongfully appropriated. Dkt. # 2-3, at 6. First Tennessee was dismissed as a defendant on June 22, 2007. Id. at 20. That same day, First Pryority filed its first amended petition, asserting a claim against F&M Bank only. Dkt. # 2-2, at 1. In response to a motion to dismiss for improper venue filed by F&M Bank on August 1, 2007, First Pryority clarified that its only claim for relief was one for conversion. Dkt. # 2-3, at 21, 32-36. Litigation continued, and the parties simultaneously submitted proposed jury instructions on June 14, 2010. Id. at 3. In its instructions, First Pryority cited to several provisions of 12 C.F.R. § 229.1 (Regulation CC) as authority for its instructions regarding a "Claim For Repayment For Amount of Returned Check." Dkt. # 14-4, at 2. F&M Bank then removed to this Court, claiming that First Pryority's jury instructions had provided the first notice that it was

---

[1] A depositary bank that believes a paying bank has returned an item late may dispute the return via the "Claim of Late Return" mechanism, which provides authority for the Federal Reserve to provisionally credit the depositary bank in the amount of the check at issue. See Federal Reserve Op. Circ. No. 3 (July 15, 2008), at 28, ¶ 20.4.

[2] First Tennessee Bank is a collecting bank. According to the petition, after First Pryority sent the checks to Bank of Oklahoma, they were then sent to First Tennessee, which held the checks until November 13, 2006, before returning them to Bank of America, an additional collecting bank. Dkt. # 2-3, at 7-8.

asserting a claim arising under federal law, and that, therefore, this Court had original subject matter jurisdiction over the claim at issue. Dkt. # 2, at 2. The issue before this Court is whether First Pryority's jury instructions did in fact provide a legitimate basis for removal.

## II.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441. Where parties choose to exercise this right, they must file a notice for removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The term "other paper" in the second paragraph of § 1446(b) has been given an "embracive construction;" federal courts have held that items such as deposition answers, jury instructions, and documents produced in discovery constitute "other papers" for purposes of creating a second 30-day period of removability. E.g., Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076-1078 (10th Cir. 1999)(quoting 14C Charles Alan Wright et al., Federal Practice and Procedure § 3732 at 300-10 (3d ed. 1998)); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3rd Cir. 1995); Burns v. Prudential Secs., Inc., 218 F.Supp.2d 911, 915-17 (N.D. Ohio 2002). However, to justify removal, the "other paper" must also provide a first opportunity to "ascertain[] that the case is one which is or has become removable," or the first clear sign that jurisdiction lies in federal court. 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent

3

on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.,* 149 Fed. Appx. 775, 778 (10th Cir. 2005)(unpublished)[3].

### III.

First Pryority's claim in its first amended petition was for wrongful appropriation of the checks at issue. During briefing on a motion to dismiss, First Pryority later clarified that it considered its claim to be one for conversion. Dkt. # 14, at 2. F&M Bank acknowledges the non-federal nature of those claims. Dkt. # 20, at 16-22. However, F&M Bank removed to this Court based on its allegation that First Pryority Bank's inclusion in its proposed jury instructions of a "Claim For Repayment For Amount of Returned Check" and its reliance on 12 C.F.R. §§ 229.30, 229.33, and 229.38 as authority for those instructions transformed what was formerly a state law conversion claim into a claim arising under federal law, or, at the very least, a state law claim raising a substantial federal question. Dkt. # 2, at 2; Dkt. # 20, at 22-23. To justify removal, F&M must show that (1) the jury instruction in question raised a valid federal question; (2) the federal question, if any, could not have been ascertained in prior filings; and (3) it filed for removal within thirty days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." E.g., Herriman City v. Tower Acquisition, LLC, No. 2:10-cv-150 DAK, 2010 680534, at *1 (D. Utah Feb. 25, 2010).

As noted, proposed jury instructions have been considered "other papers" for purposes of triggering the second 30-day removability provision in § 1446(b). E.g., Burns, 218 F. Supp. at 915. Although this Court is not aware of any Tenth Circuit precedent regarding whether jury instructions

---

[3]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

4

constitute "other paper," it is guided by the Tenth Circuit's liberal approach to the statute, and will assume that a proposed jury instruction is an acceptable "other paper" under § 1446(b). E.g. Huffman, 194 F.3d at 1078 (noting, and agreeing with, the inclusive approach to this issue in federal courts). It is undisputed that F&M filed for removal within thirty days after receipt of the proposed jury instruction.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case is considered to have "aris[en] under" federal law in accordance with § 1331 where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006). Moreover, "[the well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Exceptions to the well-pleaded complaint rule may exist under the artful pleading doctrine, "permitting removal where a plaintiff 'artfully pleads' a state claim even though no federal question appears on the face of the complaint." Huntington Nat'l Bank v. JP Morgan Chase Bank, 2007 WL 2123763, at *2 (S.D. Ohio July 20, 2007)(unpublished).[4] Those two exceptions are the complete preemption doctrine, which

---

[4]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

F&M Bank has justifiably refrained from raising[5], and the substantial federal question doctrine, which will be addressed below. Id.

First, F&M Bank argues that the inclusion of the jury instruction for a "Claim For Repayment For Amount of Returned Check" transformed this case into one arising under federal law. Dkt. # 20, at 22-23. While state and federal courts have concurrent jurisdiction over claims arising under Regulation CC, see Bank One Chicago, N.A. v. Midwest Bank & Trust Co., 516 U.S. 264, 275 (1996), First Pryority has repeatedly stated that it is seeking relief only under a state law claim for conversion. Dkt. # 21, at 2. "Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Martin v. Franklin Cap. Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). As such, while First Pryority may plan to rely on the standards set out in Regulation CC in an effort to rebut defenses[6] or to show wrongdoing on the part of F&M Bank, this Court will not construe First Pryority's inclusion of standards under Regulation CC in its proposed jury instructions as an attempt on its part to state a federal claim for relief.

In the alternative, F&M Bank argues that the proposed jury instruction in question makes the case fall into the second jurisdictional category – that is, one where the right to relief depends on resolution of a substantial question of federal law. Dkt. # 20, at 23. In limited circumstances

---

[5] Numerous federal courts have held that Regulation CC does not completely preempt state law; as such, any attempt by F&M Bank to justify federal jurisdiction on that ground would be unavailing.

[6] It has long been acknowledged that asserting a federal defense to a state law claim does not create a basis for federal jurisdiction. E.g., Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Miracorp, Inc. v. Big Rig Down, LLC, 2009 WL 790189, at *3 (D. Kan. March 24, 2009)("[a] case may not be removed to federal court on the basis of a federal defense . . . even if both parties admit that the defense is the only question truly at issue in the case.").

where a state law claim implicates a question of federal law, such a claim may trigger jurisdiction in federal court. E.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg'g, 545 U.S. 308, 314 (2005). Under Grable, a state law claim implicating federal issues will prompt federal jurisdiction where it raises a substantial, disputed federal issue that a federal forum may entertain without disturbing the balance of federal and state judicial responsibilities. Id. Only a "special and small category" of cases will meet the Grable standard. See Empire, 547 U.S. at 699.

In Grable, parties to a state law case regarding seizure of property conflicted over the correct reading of a provision of the Internal Revenue Code. 545 U.S. at 311. Though the plaintiff lacked a federal claim for relief, the defendant removed the case to federal district court as a state law claim presenting a federal question. Id. The Grable Court noted that the variety of interests at issue in any such determination had "kept [the Court] from stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. at 313-14. Nevertheless, because the outcome of the case turned on the proper reading of federal law, there were no other issues to be reached, and the interpretation of the provision in question was likely to set precedent for many other tax sale cases, the Grable Court found the federal issue substantial enough to warrant removal. Id. at 314-15.

According to F&M Bank, the federal issue requiring determination in this case is the proper interpretation of the standards set out in Regulation CC, over which there has developed a conflict, as seen in the proposed jury instructions. Dkt. # 20, at 22-24. Though the need to decide any issues regarding the meaning of Regulation CC would certainly introduce a federal topic into the litigation, this Court is not persuaded that it is one substantial enough to confer federal jurisdiction in this case. First, the parties have already engaged in over three years of litigation without spending substantial

time on this issue.[7] This shows the issue in this case to be less substantial than in cases like Grable, where the federal issue "appear[ed] to be the only legal or factual issue contested in the case." 545 U.S. at 315.

Moreover, First Pryority's claim for conversion will ultimately be governed at least in part by state law.[8] Federal courts have repeatedly found that Regulation CC preempts state Uniform Commercial Code (U.C.C.) provisions only to the extent that they conflict. The U.C.C. provides complementary standards regarding return-of-check procedures at issue in this case, such as the midnight deadline rule, that will help to determine liability. See Beffa v. Bank of the West, 152 F.3d 1174, 1177 (9th Cir. 1998)("[t]he preemptive scope . . . described in . . . relevant portions of Regulation CC . . . is quite narrow"); Huntington Nat'l Bank, 2007 WL 2123763, at *4 (collecting cases). Thus, even if the interpretation of Regulation CC in the jury instructions were deemed to have introduced a new federal issue into the case, resolution of that issue would not be dispositive of the matter, as unsettled state law questions would remain. In that respect as well, this case falls short of Grable, which has been interpreted as requiring a complaint to raise a dispositive federal issue. See Empire, 547 U.S at 700 (distinguishing federal issue in Grable as being "dispositive of the case," and as involving facts that could lead the case to "be settled once and for all").

---

[7] See, e.g., Dkt. # 14-3, at 3-5; # 20-2, at 9-13 (summary judgment pleadings in which parties took opposing positions regarding respective compliance with Regulation CC and state law, but made no mention of disputes as to the requirements of Regulation CC itself).

[8] In prior summary judgment proceedings, the parties took opposing positions as to which provision of Oklahoma state law would be applicable to the conversion claim. Dkt. # 14-3, at 5, 8; Dkt. # 20, at 16-18. This Court need not weigh in as to which provision is most appropriate. It is sufficient to note that both parties appear to have conceded that a conversion claim is governed, at least in some respects, by state law.

Ultimately, the question to be resolved regarding Regulation CC, if one exists, will not be "to decide the constitutionality of the federal scheme or . . . declare whether preemption exists." Huntington Nat'l Bank, 2007 WL 2123763, at *5.  Rather, the issue, which may prove to be as simple as a dispute over presentation of elements in jury instructions, is a "private dispute between two parties without presenting an issue of substantial federal importance." Id.

F&M Bank may be correct in its assertion that issues regarding the correct interpretation of Regulation CC will play a role in this litigation. Ultimately, however, "it takes more than a federal element" to fit into "the slim category Grable exemplifies," Empire, 547 U.S. at 702, and this case does not present a sufficient question of federal law.[9] To the extent that a federal issue will need to be resolved, the state court is competent to interpret the ways in which Regulation CC should be applied. See Empire, 547 U.S. at 701; U.S. Bank Nat'l Ass'n v. HMA, L.C., 169 P.3d 433 (Utah 2007)(state court interpreting provisions of Regulation CC); Exch. State Bank v. Kan. Bankers Surety Co., 177 P.3d 1284 (Kan. Ct. App. 2008)(same).  Because this Court finds there has been no substantial federal claim stated, it need not reach the question of timing as to when F&M Bank could have ascertained the presence of any federal issue. F&M Bank has not shown the propriety of federal jurisdiction to be "affirmatively apparent" to the extent required to overcome the presumption against removal; as such, this Court lacks subject matter jurisdiction over the underlying claim, and remand to state court is proper.

---

[9]  Another important Grable factor, that involving the maintenance of proper jurisdictional balance between state and federal courts, also weighs in favor remand. If it were decided that mere mention of Regulation CC was enough to invoke federal jurisdiction, the possible flood of litigation could certainly be said to "disturb[] the balance of federal and state responsibilities;" under F&M Bank's theory, parties may establish jurisdiction in federal court simply by asserting a nontraditional reading of Regulation CC in their proposed jury instructions.

9

First Pryority seeks an award of costs and attorneys' fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Decisions as to the award of such fees turn on the reasonableness of the removing party's actions. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While ultimately unsuccessful, this Court finds that F&M Bank had a reasonable basis for its removal, as a number of courts have grappled with the jurisdictional topics at issue in this case. Thus, any award of costs and fees to First Pryority on this issue would not be appropriate.

**IT IS THEREFORE ORDERED** that First Pryority Bank's Motion to Remand and Brief in Support (Dkt. # 14) is **granted**. The Court Clerk is directed to remand this case to the District Court of Mayes County.

**DATED** this 9th day of September, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE